**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MICHAEL BILLINGSLEY,

        *Plaintiff*,

v.

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security**,

        *Defendant.*
_____

Civil Action No. 12-1896 (MCA)

OPINION

December 8, 2014

**ARLEO**, **UNITED STATES DISTRICT JUDGE**.

    Before this Court is Plaintiff Michael Billingsley's request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of the Commissioner of Social Security Administration's ("Commissioner") partially favorable decision with respect to Plaintiff's application for Disability Benefits. Plaintiff argues in the alternative that (1) the Commissioner's decision should be reversed because there is substantial evidence in the record to support a finding of disability during the time period of October 1, 2004, to November 29, 2007; or (2) the numerous deficiencies in the Commissioner's decision require the case to be remanded for reconsideration. For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision is supported by substantial evidence and therefore must be **AFFIRMED**.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

### B. The Five-Step Disability Test

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in

substantial gainful activity, then he or she is not disabled and the inquiry ends.  Jones, 364 F.3d at 503.  If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe."   20 C.F.R. § 404.1520(a)(4)(ii).   The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied.  Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, a disability is conclusively established and the claimant is entitled to benefits.  Jones, 364 F.3d at 503.  Fourth, the Commissioner must ask whether the claimant has residual functional capacity ("RFC") such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied.  Id.  Finally, the Commissioner must ask "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'"  20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503.  The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

## II. DISCUSSION

### A. Procedural History and Factual Background

This case arises out of the disability determination made by Administrative Law Judge Michal L. Lissek (the "ALJ") on June 10, 2010.  (Tr. 154-64).  Plaintiff, a 46-year-old male, first

applied for disability insurance on October 1, 2004, alleging disability as of that date. (Tr. 13, 21). In particular, Plaintiff claimed in his application that he was disabled due to a combination of obesity, hypertension, shortness of breath, and back pain. (Tr. 26-27). That application was subsequently denied both initially and upon reconsideration, and Plaintiff ultimately sought his first hearing before the ALJ, which occurred on October 30, 2007. (Tr. 13). Following the October 30 hearing, the ALJ issued a decision on November 29, 2007, finding that Plaintiff did not suffer from a disability. (Tr. 13-20).

Specifically, the ALJ found at the third step of the sequential analysis that although Plaintiff suffered from a severe combination of impairments, neither a single impairment nor the combination of impairments matched or was equivalent to any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ next determined Plaintiff's residual functional capacity ("RFC") as of October 1, 2004, to be for performing light work for two hours per day and sitting for six hours per day ("sedentary work"). (Tr. 16). Because Plaintiff had no relevant work experience to speak of, the ALJ moved on to step five of the sequential analysis and found that there existed a significant number of jobs in the national economy that Plaintiff could perform. (Tr. 19). That finding was based only on the Medical-Vocational Guidelines in Appendix 2 of 20 C.F.R. Part 404, Subpart P, even though Plaintiff's counsel urged the ALJ to hear and consider testimony from a vocational expert who could speak to the issue of whether a significant number of jobs requiring Plaintiff's level of RFC actually existed in the national economy. (Tr. 19-20). The ALJ's determination on the issue necessarily compelled a finding of no disability. (Tr. 20).

Following the ALJ's decision, Plaintiff's request for review by the Appeals Council was denied on February 22, 2008. (Tr. 5). Plaintiff then lodged an appeal in this District, and on

September 25, 2009, Judge Martini entered an opinion and order reversing the denial of benefits and remanding the case for further consideration. (See Tr. 165-72). Before reaching the reason for the Court's reversal, however, it is important to first note those rulings made by the ALJ on which the Court did not base its decision. The Court did not overturn the ALJ's ruling with respect to step three, nor did it overturn the ALJ's ruling with respect to Plaintiff's RFC; indeed, the Court explicitly found that both of those rulings were supported by substantial evidence in the record. (Tr. 168-70). Instead, Judge Martini based his reversal on the narrow ground that the ALJ improperly failed to consider the testimony of a vocational expert in making her step five determination. (Tr. 170-72). Accordingly, Judge Martini remanded the case solely for the purpose of considering such expert testimony. (Tr. 172).

On remand, the ALJ first reaffirmed her earlier ruling regarding Plaintiff's RFC as of November 30, 2007, finding that Plaintiff was capable of performing sedentary work prior to that date. (Tr. 157-61). In light of Plaintiff's February 2010 consultation with a doctor, however, the ALJ found that after November 30, 2007, Plaintiff's RFC was limited only to sitting or standing for a maximum of one hour, and walking for a maximum of one-half hour, each day. (Tr. 161). The ALJ next performed her step five analysis in two parts in order to account for the difference in Plaintiff's RFC before and after November 30, 2007. (See Tr. 162-64). As directed by Judge Martini, the ALJ considered the testimony of a vocational expert, who first testified that an individual capable of performing sedentary work would have access to approximately 30,000 jobs nationally and 1,500 jobs locally. (Tr. 249-51). In light of the expert's testimony, the ALJ found that prior to November 30, 2007, a significant number of jobs existed in the national economy that Plaintiff could perform, thus requiring a determination of no disability prior to that date. (Tr. 163).

As for the period beginning on November 30, 2007, however, the vocational expert testified that there were no jobs in the national economy for an individual with Plaintiff's RFC as of that date. (Tr. 251-52). That testimony prompted the ALJ to find that Plaintiff was disabled as of November 30, 2007, and thus was entitled to disability insurance benefits after that date. (Tr. 163-64). Plaintiff then requested review before the Appeals Council of the ALJ's determination of no disability for the period from October 1, 2004, to November 29, 2007, (the "2004-2007 Timeframe") a request which was ultimately denied on March 5, 2012. (Tr. 129-32). That request prompted the filing of the instant appeal on March 28, 2012. (Dkt. No. 1, Compl.). For the following reasons, the denial of benefits for the 2004-2007 Timeframe must be **AFFIRMED**.

**B. Analysis**

Plaintiff argues that the ALJ erred in finding no disability for the 2004-2007 Timeframe, but not on the basis of the ALJ's step-five determination. Rather, Plaintiff once again challenges the ALJ's findings for that period with respect to steps three and four of the sequential analysis. (See Dkt. No. 12, Pl.'s Br., at 8-35). In fact, Plaintiff's excessively argumentative brief focuses solely on those findings and completely ignores the issue of whether the ALJ's step-five determination was supported by substantial evidence. Plaintiff essentially seeks to relitigate the issues that were already decided in the prior appeal before Judge Martini. As the Court has already noted, Judge Martini explicitly found that the ALJ's findings with respect to steps three and four of the sequential analysis were supported by substantial evidence. (Tr. 168-70). Given that there exists no additional evidence in the record before this Court that would compel a result different from that reached by Judge Martini in 2009, the Court declines Plaintiff's invitation to disturb those rulings.

Indeed, the only new medical evidence that was presented at the second hearing before the ALJ consisted of the February 1, 2010, consultation with Dr. Rambhai C. Patel. (Tr. 218-20). Unfortunately for Plaintiff, however, Dr. Patel's report reveals no new information regarding Plaintiff's condition during the 2004-2007 Timeframe. The only reference unequivocally made in the report to that time period is that Plaintiff "suffers from hypertension since [sic] last four years." (Tr. 218). Giving Plaintiff every benefit of the doubt, however, it can also be assumed that the "long duration" for which Plaintiff has been "overweight" would also fall within the time period in question. (Tr. 218). But these references provide nothing in the way of new information; Plaintiff's obesity and hypertension were obviously in issue at the first hearing and were carefully considered by both the ALJ in the first instance and by Judge Martini on appeal. While the Court understands Plaintiff's frustration that he was unable to carry his burden at both steps three and four at any level of review, the Court will not permit Plaintiff yet another bite at the proverbial apple. Accordingly, the Court finds that there is substantial evidence in the record to support the ALJ's determinations that (1) Plaintiff did not suffer from a listed impairment (or its equivalent); and (2) Plaintiff's RFC during the 2004-2007 Timeframe was for sedentary work.

That ruling does not, however, end the matter—it still must be determined whether there existed substantial evidence to support the ALJ's finding that a significant number of jobs existed in the national economy that Plaintiff could have performed during the 2004-2007 Timeframe. The Court finds that there was. As directed by Judge Martini, the ALJ considered the testimony of a vocational expert in addition to the information contained in the Dictionary of Occupational Titles. (Tr. 162-63). The vocational expert testified that, given Plaintiff's RFC during the 2004-2007 Timeframe, there existed approximately 30,000 jobs nationally and 1,500 jobs locally that Plaintiff could have performed. (Tr. 249-51). Among those 30,000 jobs, potential occupations

included document preparation worker, dial marker, scale operator, and carding machine operator. (Tr. 250-51).  Although not addressed by Plaintiff in his brief, the question becomes whether 30,000 jobs nationally and 1,500 jobs locally could be considered a "significant" number of jobs. Third Circuit precedent demonstrates that it is, and the Court is therefore satisfied that the ALJ's findings were supported by substantial evidence.  See Craigie v. Bowen, 835 F.2d 56, 58 (3d Cir. 1987) (finding 200 total regional jobs to be "clear indication" that significant work in the national economy existed).  See also Ahmad v. Comm'r of Soc. Sec., 531 F. App'x 275, 278 (3d Cir. 2013) (citing Craigie with approval and holding that 569 available jobs was sufficient).

### III. CONCLUSION

Because the Court finds that the ALJ's decision is supported by substantial evidence in the record, the Commissioner's disability determination is **AFFIRMED**.  An appropriate order will follow.

s/ *Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:    Parties